IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT GUILLERMO MORALES,  　　　No. C 05-2772 WHA (PR)

　　　　　Petitioner,　　　　　　　　　　**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

　　vs.

JILL BROWN, Warden,

　　　　　Respondent.
　　　　　　　　　　　　　　　　　　/

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

A jury convicted petitioner of attempted murder in 1990. He was sentenced to prison for seven years to life plus a one-year enhancement. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, which affirmed. He did not seek review from the Supreme Court of California.

On October 20, 2004, he stipulated to a denial of parole with a new hearing to be held in one year. He contends here that he was coerced into stipulating to the denial by his counsel,

who told him that if he demanded a hearing the Board would deny parole with the next hearing to be in two years.

## DISCUSSION

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not

altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUE PRESENTED**

Petitioner contends that in September of 2004 he was coerced into stipulating to a denial of parole with the next hearing to be in one year.[1] Pet. at 17. Respondent correctly points out that the appropriate remedy if the stipulation were found to have been unconstitutional would be to order that he be given the hearing he had waived. Because he has since been given a parole hearing, on February 6, 2006, that remedy would be redundant. The petition will be denied as moot.

In addition, petitioner has failed to prove his claim. The evidence in the record as to this issue consists of a "Life Prisoner Decision Face Sheet" in which a box is checked next to "Agreed Unsuitable," and attachments (Exh. 2 at 1). In the attached "Waiver of Hearing and Stipulation to Unsuitability" signed by petitioner he gives the reason for the request as being "Psych evaluations old (2000). Please prepare new Psych report" (*id.* at 2). This does not support petitioner's contention that he was coerced; rather the contrary, as he signed a waiver and provided an explanation, other than coercion, why he took that action.. The order portion

---

[1] Petitioner also presents claims going to a denial of parole in May of 2002. As they are directed to a different decision, they must be presented in a separate petition.

of the document includes this comment: "Prisoner request stipulation 1 year and request new psych evaluation. Most recent eval 2000. Also, need parole plans" (*id.* at 3). The petition therefore will also be denied on this alternative ground.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September  30 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\MORALES772.RUL.wpd

4